## HARVEY *v.* COFFIN.

Where the defendant, in consideration of an outfit furnished by the plaintiff, agreed to attach himself to a certain company, and remain with it, and devote his time and services to obtaining money, for two years, subject to the rules, regulations and constitution of the company, and leave in the hands of the company, for the plaintiff, one half of his net earnings ; and at the end of about four months the company, by a vote of a majority of its members, and without any fault of the defendant, and against his consent, was dissolved ; — *Held*, that there was no undertaking by the defendant that the company should continue to exist during the two years ; but that the agreement contemplated that the conduct of the enterprise, including its termination, should be wholly confided to the company.

THIS is an action of covenant.  The declaration avers that in an indenture under seal, dated the 10th day of March, 1849, the plaintiff covenanted that he would immediately furnish for the defendant a fit-out to the amount of $300, to go to California as a member of the N. H. Mutual Mining and Trading Company ; in consideration whereof the defendant covenanted that the plaintiff should receive half of all the earnings, gettings, &c., which might be made by the defendant for the space of two years (living excepted) from the time of the sailing of the defendant from Portsmouth with the company ; and that the defendant further covenanted that he would attach himself to and remain with the company, and devote his time and services to obtaining money or property, for two years, subject to the rules, regulations and constitution of the company ; and that he would leave in the hands of the company half his share or earnings aforesaid, for the use of the plaintiff; that the plaintiff did, on the 12th of March, 1849, pay the $300 to the order of the defendant, but that the defendant, though he did attach himself to the said company, and become a member thereof, did not remain with the company, nor earnestly and faithfully devote his time and services to obtaining money or property, for said space of two years, subject to the rules, &c., of said company, &c., &c.

The third plea of the defendant alleges that said defendant did attach himself to said company, at said Portsmouth, on the tenth day of March, 1849, and did remain with said company until the first day of July, then next ensuing ; that on said first day of July, 1849, the company dissolved, at San Francisco, by a formal vote of a majority of the members thereof, but without any fault on the part of said defendant, and against his consent ; that during the existence of the company said defendant did devote his time and services earnestly and faithfully to the obtaining of money and property for

the use and benefit of said plaintiff, and said defendant, subject to the rules, regulations and constitution of said company, and did earn, place, and leave in the hands of said company, subject to the order of said plaintiff, more than one half of all his earnings, &c., living excepted, during said time : namely, one hundred and thirty-five dollars and upward ; that after the dissolution of said company, and during the remainder of said two years, the defendant did continue to devote his time and services earnestly and faithfully to the obtaining of money and property for the use and benefit of said plaintiff, but he did not earn, get, acquire or accumulate any thing over and beyond his " living," &c.

To this plea the plaintiff filed a general demurrer, and there was a joinder.

*Albert R. Hatch,* for the plaintiff.

The plea discloses no answer to the plaintiff's action. The plaintiff covenanted that he would remain with a certain joint stock company two years, &c. He did not do so. The dissolution of the company is no sufficient excuse :

1. Because the plaintiff was prevented from the performance of the covenant, not by any act of God or other natural impossibility, but at best by the simple unwillingness of other men to act with him. It is presumable that by the use of proper inducements, pecuniary or otherwise, this unwillingness might have been overcome ; and the defendant's covenant required him to apply the inducement. It is like the case of a man who covenants to deliver goods, and is prevented by rise in the market, scarcity, or by loss of his boat by a tempest; Chitty on Con. 568 ; or the case of a party who covenanted to furnish freight alongside a ship, but is prevented by the prevalence of the plague. *Barker* v. *Hodgdon,* 3 M. & S. 267. It was the " fault or folly of the defendant that he did not expressly provide against contingencies, and exempt himself from responsibility in certain events." Chitty on Con. 568 ; *Patterson* v. *Boston,* 20 Pick. 159 ; *Heard* v. *Bowers,* 23 Pick. 455 ; *Liverpool* v. *Tomlinson,* 7 D. & R. 556 ; *Morris* v. *Smith,* 3 Doug. 279 ; *Stevens* v. *Cushing,* 1 N. H. 18. This case is entirely distinguishable from *Goodell* v. *Smith,* 9 Cush. 592 ; *Field* v. *Woodmaney,* 10 Cush. 427 ; in both which cases the plaintiff became proprietor of a share in the joint stock company, and the defendant was sent to California to represent him. The parties in the latter of those suits were in effect copartners. In both the plaintiff was a member of the joint stock company.

2. The N. H. Mining Company was simply a copartnership, of which the defendant was a member and the plaintiff was not. The defendant is therefore responsible, under his covenant, for all the acts and omissions of the company, whether expressly assented to or not. *Lovering* v. *Lovering,* 13 N. H. 513.

3. It is equitable that the plaintiff should recover. The defendant has received of the plaintiff $300, and has made no return. He confesses that the plaintiff was entitled to $135 and upward of his earnings (see plea), which, by the dissolution of the company, is lost to the plaintiff.

4. The defendant is not entitled to be heard in excuse for the non-performance of his covenant, unless he shows that he has rescinded the contract and refunded the consideration.

*A. H. Hoyt,* for the defendant.

1. In determining whether the defendant's third plea is a sufficient answer to the plaintiff's action the court will look at the entire contract, and the situation, intention and purposes of the parties, with respect to the subject of the contract at the time it was made. 2 Pars. on Con. (3d ed.) 12–14, sec. 3 ; *Haywood* v. *Pinner,* 10 Pick. 222.

2. Here was a contract of partnership between the plaintiff and the defendant. The plaintiff agreed to furnish money on a certain venture ; the defendant, labor and muscle ; and the net profits arising from this combined capital were to be equally divided between the parties. The defendant contracted for himself, and did not and could not guarantee the continued existence of the company. He did not and could not bind the company, and, with respect to the plaintiff, was not bound by their acts.

3. Or the plaintiff and defendant became joint owners of one share of the company stock, are to be regarded as one person, or one partner, with respect to the whole company. In effect, the plaintiff thus became a party to the general partnership. He adopted the company, with all its rights and privileges, and he necessarily took upon himself the consequences of all the natural accidents that may follow such a company. (See the various provisions of the indenture.) *Goodell* v. *Smith,* 9 Cush. 592 ; *Field* v. *Woodmaney,* 10 Cush. 427. In either view the continued existence of the company for two years was an implied condition upon which all the parties acted. The dissolution of the company was a matter beyond the defendant's control, and is as effectual a bar to the plaintiff's action as would have been a matter which is termed the " act of God." At least, this implied condition binds the plaintiff as much as it does the defendant. The plea states that the dissolution of the company happened without any fault of the defendant.

4. The record shows that this was a partnership contract, and therefore the plaintiff can not maintain this action, and the court will look back and give judgment against the party whose first pleading is bad. 1 Chit. Pl. 668.

5. But if our positions with respect to the existence of a partnership are untenable, then we say that in principle this case is not distinguishable from *Hughes* v. *Humphreys,* 6 B. & C. 680, which was a suit upon an indenture of apprenticeship by the father of the apprentice against the master for not teaching him his business. The defendant there pleaded that up to a certain time he taught the apprentice, and then the latter ran away and never returned. This was holden a good plea. 1 Arch. N. P. 440.

The cases cited by the plaintiff in support of his first position in his brief are not this case.

BELLOWS, J. Upon the pleadings before us the case is that a company having been formed in New-Hampshire to go to California

for the purposes of mining and trading, the plaintiff furnished the defendant with the sum of $300 as a fit-out to go as a member of such company; in consideration whereof the defendant covenanted that the plaintiff should receive one half of all the net earnings of the defendant for two years from the time of his sailing from Portsmouth with the company; and that he would attach himself to and remain with said company, and devote his time and services to obtaining money and property for two years, subject to the rules, regulations and constitution of the company, and would leave in its hands half his share or earnings, for the use of the plaintiff.

The defendant did go to California with the company March 10, 1849, and remained with it until July 1, 1849, when the company was dissolved by a formal vote of a majority of its members, without any fault on the part of the defendant and against his consent; and during its existence the defendant did devote his time and services earnestly and faithfully to the obtaining of money and property for the use and benefit of the plaintiff and defendant, subject to the rules, regulations and constitution of the company; and did earn and have in its hands, subject to the plaintiff's order, one half of such share or earnings: namely, $135; and during the remainder of said two years the defendant did continue to devote his time and services to the obtaining of money, &c., but did not earn any thing beyond his living.

Upon this state of facts the question is whether, upon a fair construction of the agreement, the defendant undertook for the continuance of the company for the two years. If he did, then the plea is no answer to the action; for it is well settled that if the performance of a promise becomes impossible by the act of a third person the promisor is not excused. Chit. on Con. 340, and cases cited; *McNeil* v. *Reed*, 9 Bing. 68; 2 Black. Com. 340.

In the case before us there is no formal, express promise that the company shall continue to exist for two years; and the inquiry is whether such undertaking is to be inferred from the promise to remain and serve with the company for that space of time.

In *Gardett* v. *Smith*, 9 Cush. 592, and *Field* v. *Woodmancy*, 10 Cush. 427, where there were similar promises, it was held that no undertaking for the continuance of the companies could be inferred; but in those cases the party advancing the outfit was himself a member of the company, and therefore as authorities they are not decisive of the present case.

We are, however, of the opinion that no such undertaking by the defendant can be gathered from the terms of this contract. Had the defendant simply agreed to attach himself to the company, and devote his time and services to obtaining money for two years, then the law would seem to be that he could not excuse the want of performance by showing that the company refused to have him join it, or had dissolved after he had done so; and this would be because it was his own fault that he had not previously ascertained that his agreement would be fulfilled. But in this case, taking into consideration all the stipulations between the parties, the arrangement in effect appears to have been that the defendant should devote his

time and services to the company, as a member of it, for two years, subject to its rules, regulations and constitution; that the plaintiff should advance an outfit of $300, and that the profits should be equally divided between them. And it is obvious, we think, that this agreement was made with a knowledge of the character and rules of the company, and that both parties contemplated that the conduct and management of the enterprise was to be confided wholly to the company, which was empowered to determine in what manner the services of the members should be employed, when and where to commence, and when to cease; and nothing is disclosed that imposes any limitations upon the ordinary right to dissolve the company at pleasure.

So far as regarded the conduct of the business, the parties were clearly subject to such rules and regulations as the company might make, for such is the effect of their express stipulations; and there can be no ground for a claim that the defendant undertook that the business should be well conducted by the company; neither do we see any ground for inferring a promise by the defendant that the company should continue the business during the whole of the two years, and should neither suspend or wholly terminate it during that time. On the contrary, we think it fairly within the contemplation of the parties that the discretion with which the company was invested should extend to the subject of terminating the enterprise whenever it should be deemed best for the interest of its members, as it might be in order to save from further hazard the profits already realized.

In this case, then, the company does not stand in the condition of a stranger to either party; but all the stipulations are based upon the assumption that the enterprise, in which the parties are jointly interested, is to be wholly under its direction.

If in point of fact the rules of the company had prohibited its termination before the expiration of the two years, still an actual dissolution before that time would have put it out of the power of the defendant to perform the stipulated service; and as he had not undertaken for the continuance of the company, he would not be liable, unless such dissolution was with his fault.

*Demurrer overruled.*